ROBERTS, Justice.
Plaintiff-appellant, a pedestrian, was struck by defendant-appellee’s car while crossing a street intersection at night, and brought the instant suit to recover for his injuries. The cause was submitted to the jury on the issues of the defendant’s negligence and the plaintiff’s contributory negligence, and a verdict finding the defendant not guilty was returned and judgment entered. This appeal by plaintiff followed.
The principal contention made here by plaintiff is .that the trial judge erred in charging the jury on the issue of contributory negligence “where there was no competent substantial evidence that the plaintiff was guilty of contributory negligence.” The gist of his argument here is that the plaintiff’s testimony showed that he started across the six-lane intersection when the traffic light was in his favor; that the plaintiff’s rights at the intersection were superior to those of the defendant; that the defendant had the positive duty of seeing the appellant and of not trying to “race away from the starting gate”; and that “having created the perilous situation, [the defendant] should not be allowed to have the jury charged that appellant [plaintiff] must act as a reasonable man and avoid the accident.”
Whether a charge on the issue of contributory negligence would be proper in the situation hypothesized by plaintiff need not be decided since the plaintiff, in his argument to this question, does not tell the whole story. From a pretrial deposition of plaintiff that was read to him in the presence of the jury, the jury could have inferred that the plaintiff started to cross the street when the traffic light was on amber and that it changed to red as he reached the center line of the intersection. The plaintiff also said that he got excited and ran in front of a car to the left of defendant’s car and then jumped for the curb in front of defendant’s car. It is admitted that the defendant did not move forward until after the light had changed to green, that the car to' defendant’s left moved ahead first, that the speed of defendant’s car never exceeded ten miles per hour, and that defendant did not see the plaintiff until a moment after the impact.
We think the facts here made out a typical case for submission to the jury of the issues of negligence and contributory negligence, and we find no error in the trial judge’s so doing.
The other questions argued here — even if it be assumed that they were within the purview of the assignments of error — disclose no reversible error.
Accordingly, the judgment appealed from should be and it is hereby
Affirmed.
TERRELL, C. J., and THOMAS, DREW and THORNAL, JJ., concur.